NASHVILLE LIFE INSURANCE CO. *v.* W. H. EWING, Administrator.

2b 305·<br>d110 738|

1. INSURANCE. *Power to waive a forfeiture in life insurance policy. Expressly denied to officers can not be exercised.* A mere book-keeper, who has no authority to receive an overdue premium on a forfeited policy, and who had never done so except under instructions from the secretary, can not bind the company by so doing.

---

### FROM DAVIDSON.

---

Appeal from the Law Court. JOE. C. GUILD, Judge.

G. P. THRUSTON for the Company.

THOS. L. DODD for Ewing.

McFARLAND, J., delivered the opinion of the Court.

This is an action upon a policy issued by the Nashville Life Insurance Co., upon the life of Elvira Patterson. The plaintiff below recovered, and the defendant has appealed in error.

The plea and replication present a single issue. Under the contract the policy was forfeited by a failure to pay when due two quarterly payments of the second year's premium. The issue of fact presented was, whether or not the Company waived this forfeiture by afterwards accepting the payment of the pre-

20—vol. 2.

miums. That such an acceptance of the premiums would be a waiver of the forfeiture is not seriously controverted.

The facts in proof are, that these quarterly payments fell due on the 3d of March and of June. The plaintiff, Ewing, who is the son-in-law and acted as the agent of the assured, was notified when these payments would fall due, in advance of the time they remained unpaid. About the last of July, one Reeves, acting for Ewing, called at the office of the Company to pay the premiums, but the money was not received. According to his testimony, he was told that Ewing must appear in person. According to the testimony of Smith, the Secretary, he was told, in substance, that the Company must receive satisfactory evidence that the assured was in good health before the money would be received; that this was their custom in case of forfeited policies.

The same day, while Smith was out of the office, Ewing called in person, and paid the amount falling due in June to Dashiell, the book-keeper, and received from him a receipt in the usual form. As to what passed between them at the time, they differ in their testimony. Dashiell says he did not assume to receive the money for the Company, but only proposed to take the money and hand it to the Secretary when he came in, and leave him to determine whether or not it would be accepted. According to Ewing's testimony, no such conditions were expressed at the time.

Nashville Life Insurance Co. *v.* W. H. Ewing, Adm'r.

Very soon after Dashiell sent Bass, the porter, with a similar receipt for the March payment, and Bass delivered this receipt, and collected the money from Ewing. On the same day, when Smith returned, Dashiell offered him the money, and it was refused, Smith saying the policy was forfeited.

Upon inquiry, it was found that Elvira Patterson was then dangerously ill, and she died in a week afterwards. Dashiell sent for Ewing, and handed back to him the money paid, and obtained from him the receipts. As to what occurred at this time, the witnesses differ.

It is manifest from this statement that the case turned upon the question whether or not Dashiell had authority to bind the Company by receiving the money upon a forfeited policy, and thereby restoring it. This was purely a question of fact; it was submitted to the jury under a charge free from exception, and if there is evidence to support the verdict, we can not disturb it, and this is the question.

Dashiell proves that he was book-keeper; that he was also in the habit of receiving due premiums and handing out receipts, duly signed by the President and Secretary, left with him for that purpose, but that he had no authority to receive an over-due premium on a forfeited policy, and that he had never in a single instance done so except under instructions from the Secretary. The testimony of the Secretary, Smith, is to the same effect. Accompanying the pol-

icy is a printed notice to policy-holders, which, among other things, contains the following:

"The Company may, but solely as an act of grace or courtesy, and when the interest of the Company will not be in any way impaired thereby, restore a forfeited policy. When a restoration is applied for, the application must invariably be accompanied by a certificate as to the health of the person whose life was insured at his expense, from a physician acceptable to the Company. The agent forwarding such application, will be then notified of the decision made in the case."

It was proven by Smith, the Secretary, that it was the uniform custom of the Company to adhere to these regulations.

There is a manifest difference between the payment and acceptance of a premium on or before the day it falls due, and its payment afterwards; in the former case the policy-holder has the right to make the payment, and ordinarily the Company have no discretion as to receiving it. In the latter case it is discretionary with the Company as to whether they will waive the forfeiture and receive the money, and upon what terms they will do so, and the exercise of this discretion the Company may limit to such officers or agents as they may determine.

The bill of exceptions purports to contain all the evidence, it contains none inconsistent with the facts above stated. We do not see the evidence upon which the

Nashville Life Insurance Co. *v.* W. H. Ewing, Adm'r.

jury found that Dashiell was authorized to waive the forfeitures and receive the payment of the premiums.

The positive evidence is that he had not the authority. We do not see that the Company ever held him out as having such authority; it does not appear that he ever exercised the power in any other instance. We do not regard the evidence that payment of these premiums was demanded after they fell due, by Bass, the porter, as important. There is no evidence that he had any authority to do so, unless it was from Dashiell, who himself had none.

Upon this ground we are constrained to reverse the judgment and grant a new trial.